IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No. 13-10185-JTM

SEAN M. RILEY,
BRIAN J. RILEY,
JACK E. GIBBONS, AND
INTEGRATED PLASTIC SOLUTIONS, LLC.,

        Defendants.

## MEMORANDUM AND ORDER

This case arises from defendants' alleged storage of hazardous waste without a permit in violation of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et. seq.* Before the court are Motions in Limine by the government seeking to allow overview testimony by two government witnesses (Dkt. 35) and seeking sanctions for defendants' failure to provide reciprocal discovery (Dkt. 36).

### I. Background

Defendants Sean M. Riley, Brian J. Riley, Jack E. Gibbons, and Integrated Plastic Solutions, LLC were indicted for allegedly storing hazardous waste without a permit in violation of the RCRA. The government submitted its initial discovery to defendants on November 18, 2013. (Dkt. 36, at 1). The court issued a General Order on Discovery and Scheduling ("scheduling order") on November 26, 2013. (Dkt. 23), and a jury trial was scheduled for January 28, 2014. (Dkt. 23, at 6). The government produced its final round

1

of discovery on April 17, 2014. (Dkt. 36, at 2). The trial date has since been continued to January 13, 2015, by a joint motion dated September 9, 2014. (Dkts. 37; 38).

## II. Motion in Limine Standards

The motion in limine provides a trial court the opportunity "to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *United States v. Cline*, 188 F. Supp. 2d 1287, 1291 (D. Kan. 2002) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). The power to make evidentiary rulings in limine is not expressly provided by statute or rule; it stems from the court's authority to administer and try cases. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *see* FED. R. EVID. 103(d), 104(c), 402, 403, 611(a). Such rulings may increase judicial efficiency, but many evidentiary rulings "should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008) (citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)). An in limine evidentiary ruling is subject to change, at the court's discretion, "when the case unfolds" in trial. *Luce*, 469 U.S. at 41-42.

## III. Analysis

The government filed two motions in limine. The first (Dkt. 35) seeks to admit overview testimony by EPA Special Agent Eddie McGlasson and RCRA Compliance Officer Dierdre Newsome. The second (Dkt. 36) seeks sanctions for defendants' alleged failure to provide reciprocal discovery under Federal Rule of Criminal Procedure 16 and the scheduling order.

### A. Motion in Limine to Admit Overview Testimony (Dkt. 35) is Denied

Overview testimony is a broad category of evidence typically offered to preview the government's case at the beginning of a trial. *United States v. Brooks*, 736 F.3d 921, 930 (10th Cir. 2013). It occurs when a witness testifies before any evidence is admitted and provides a roadmap of the evidence to follow. *Id.* at 929-30. Overview testimony is not directly addressed by the Federal Rules of Evidence, but is simply a form of lay or expert opinion testimony pursuant to Rules 701 and 702. *Id.*; *see also United States v. Griffin*, 324 F.3d 330, 349 (5th Cir. 2003); *United States v. Casas*, 356 F.3d 104, 119 (1st Cir. 2004). Lay opinion testimony is admissible if it is "rationally based on the witness's perception," is "helpful to clearly understanding the witness's testimony or to determining a fact in issue," and is not based on information within the scope of expert testimony under Rule 702. FED. R. EVID. 701. Expert opinion testimony is admissible if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702.

Overview testimony is fraught with inherent danger:[1] "such testimony raises the very real specter that the jury verdict could be influenced by statements of fact or credibility assessments in the overview but not in evidence." *Casas*, 356 F.3d at 119. The evidence presented after the overview may not be as predicted therein, and "juries may

---

[1] Many Circuits employ a cautionary or critical approach to overview testimony because of its inherent dangers. *See United States v. Ransfer*, 749 F.3d 914, 927 n.14 (11th Cir. 2014); *United States v. Rodriguez-Adorno*, 695 F.3d 32, 37-38 (1st Cir. 2012); *United States v. Moore*, 651 F.3d 30, 60 (D.C. Cir. 2011); *United States v. Garcia*, 413 F.3d 201, 208-19 (2d Cir. 2005); *United States v. Figaro*, 126 Fed. App'x 75, at 78 (3d Cir. 2005); *United States v. Griffin*, 324 F.3d 330, 348-51 (5th Cir. 2003). *See also* ROBERT E. LARSEN, NAVIGATING THE FEDERAL TRIAL 1459-60, 1466-68 (Thomson Reuters 2013).

place greater weight on evidence perceived to have the imprimatur of the government."

*Id.* at 120; *accord United States v. Garcia-Morales*, 382 F.3d 12, 16-18 (1st Cir. 2004).

The Tenth Circuit has accordingly expressed caution with overview testimony, acknowledging that it is susceptible to abuse because "[i]t can stray into matters that are reserved for the jury, such as opinions about a defendant's guilt." *Brooks*, 736 F.3d at 930. As the *Brooks* court noted:

> Other potential problems [with overview testimony] include the government's ability (1) to spin the evidence in its favor before it is admitted (assuming it is ever admitted), (2) to give its official imprimatur to certain evidence, and (3) to allow its witnesses (usually law enforcement) to testify on matters about which they have no personal knowledge or that are based on hearsay.

*Id.* at 930. Its use is therefore limited; permissible uses include describing "how an investigation began, the law enforcement agencies involved, or the investigative techniques used." *Id.* Overview testimony is also admissible to describe the roles played by participants within the alleged illegal activity. *United States v. Fletcher*, 497 F. App'x 795, 805 (10th Cir. 2012).

The government proposes that McGlasson's testimony will outline (1) how the investigation began, (2) the law enforcement agencies involved, (3) the investigative techniques used, and (4) why the investigation focused on these defendants. Points (1)-(3) of McGlasson's proposed testimony are acceptable under *Brooks*. Point (4) raises concern that the testimony may imply guilt before any evidence is admitted and should be approached with caution. Consequently, the court defers ruling on McGlasson's testimony until trial, where context can better inform the court as to its admissibility.

The government proposes that Newsome's testimony will (1) provide the jury with an explanation of the federal-state enforcement scheme, (2) define and explain the meaning of hazardous waste, (3) define solid waste and describe the characteristics that make it hazardous, (4) describe when a facility is subject to the RCRA, and (5) identify actions a facility must undertake before it can store or dispose of hazardous waste. Newsome's proposed testimony is not admissible.

Witness testimony must not "invade[] the judge's province to define the law." *United States v. Messner*, 107 F.3d 1448, 1454 (10th Cir. 1997). A witness may "refer to the law in expressing an opinion" if the testimony does "not invade the court's authority by discoursing broadly over the entire range of the applicable law." *Specht v. Jansen*, 853 F.2d 805, 809 (10th Cir. 1988). "When the purpose of the testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed. In no instance can a witness be permitted to define the law of the case." *Messner*, 107 F.3d at 1454 (quoting *Specht*, 853 F.2d at 810).

Newsome's proposed testimony is an overview of the law to be applied in this case. It will not express an opinion about the facts of this case and will not help the jury understand facts of consequence. Rather, it will attempt to define the elements by which defendants are to be judged. Newsome's testimony ventures beyond proper opinion testimony and into jury instruction, which is reserved for the court. Accordingly, the government's motion to admit overview testimony (Dkt. 35) is DENIED.

**B. Motion in Limine to Limit Defendants' Introduction of Evidence Not Produced During Discovery (Dkt. 36) is Granted in Part**

The government argues that defendants fail to comply with the reciprocal production requirements of the Federal Rules of Criminal Procedure. Pursuant to Rule 16(a), the government must disclose documents and objects, reports of examinations and tests, and expert witness testimony. FED. R. CRIM. P. 16(a)(1)(E)-(G). Such materials within the government's possession, custody, or control must be disclosed upon defendants' request. *Id.* Defendants must then reciprocate production by disclosing the same discovery upon the government's request. FED. R. CRIM. P. 16(b)(1). Parties must continue to promptly disclose additional Rule 16 material as it is discovered before or during trial. FED. R. CRIM P. 16(c).

Pursuant to Rule 16(d)(1), the court's scheduling order (Dkt. 23) supplements Rule 16 in this case. The scheduling order specifies, in relevant part, that (1) parties to this case need not request reciprocal discovery to trigger the opponent's obligation to reciprocate, and (2) defendants must produce reciprocal discovery within fourteen days of the government's production of Rule 16 materials. (Dkt. 23, at 1).

The court may address defendants' failure to comply with Rule 16 by (1) ordering discovery, (2) granting a continuance, (3) prohibiting defendants from introducing undisclosed evidence, or (4) entering "any other order that is just under the circumstances." FED. R. CRIM. P. 16(d)(2).

Here, the government produced its final round of discovery on April 17, 2014. Any materials subject to Rule 16(b)(1) in defendants' possession, custody, or control on

April 17, 2014, but not disclosed on or before May 1, 2014, are withheld in violation of the scheduling order. The government claims defendants have produced no reciprocal discovery. The government moves that defendants be prohibited from introducing any document, photograph, or other item of reciprocal discovery, including expert testimony, unless such items have been provided to the government before 5:00 p.m. on September 10, 2014. The motion is unopposed.

The court notes that defense counsel has been involved in a multi-defendant murder trial in State court. (Dkt. 38). That trial, expected to last two weeks, was scheduled to begin three days after the parties filed the most recent Motion to Continue in this case. (Dkt. 38). The court accordingly found a continuance of trial necessary. (Dkt. 38, at 1). Nevertheless, defendants' reciprocal discovery obligations are now nearly six months overdue. Defendants had months to produce reciprocal discovery, and the aforementioned trial is no longer an impediment thereto. Therefore, the court grants the government's Motion in Limine (Dkt. 36) in part. Defendants must disclose all Rule 16 materials now in their possession, custody, or control within seven days of the entry of this order. Defendants are prohibited from introducing at trial any material withheld in violation of this order. This order does not foreclose the introduction of evidence or material subsequently discovered by defendants and disclosed in compliance with Rule 16 and the scheduling order (Dkt. 23).

IT IS ACCORDINGLY ORDERED this 29th  day of December, 2014, that the government's Motion in Limine (Dkt. 35) is DENIED.

IT IS FURTHER ORDERED that the government's Motion in Limine (Dkt. 36) is GRANTED in part and DENIED in part and that defendants must disclose Rule 16 materials within seven days of the entry of this order.


 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE